MORRISON & FOERSTER LLP
250 W 55th St.
New York, NY 10019
Telephone: 212-468-8000
Facsimile: 212-468-7900
John A. Pintarelli
Erica J. Richards

*Attorneys for Petitioners, Christopher Kennedy and
Alexander Lawson, in their capacities as Joint Official
Liquidators of IIG Structured Trade Finance Fund
Ltd. (in Official Liquidation)*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 15 |
| | : | |
| | : | |
| IIG Structured Trade Finance Fund Ltd.,[1] | : | Case No. 20-11129 |
| | : | |
| | : | |
| Debtor in a Foreign Proceeding. | : | |

## VERIFIED PETITION FOR RECOGNITION OF FOREIGN INSOLVENCY PROCEEDINGS AND APPLICATION FOR ADDITIONAL RELIEF, PURSUANT TO SECTIONS 1504, 1509, 1515, 1517, 1520 AND 1521 OF THE BANKRUPTCY CODE AND <u>MEMORANDUM OF LAW IN SUPPORT THEREOF</u>

---

[1] The last four digits of the Debtor's company number is (3564). The registered office of the Debtor is c/o Alvarez and Marsal Cayman Islands Limited, Flagship Building, PO Box 2507, 2nd Floor, 70 Harbour Drive, George Town, Grand Cayman, KY1-1104, Cayman Islands.

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ................................................................................. 1

II.    JURISDICTION AND VENUE ............................................................................... 5

III.    FACTUAL BACKGOUND.................................................................................... 6

    A.    STFF's Pre-Liquidation Business ............................................................... 6

    B.    Events Leading Up to the Cayman Liquidation.................................................. 8

        1.    SEC Investigation ....................................................................... 8

        2.    Girobank Litigation............................................................... 10

        3.    SEC Litigation ...................................................................... 11

        4.    TOF Curaçao Claim Adjudication .......................................... 12

        5.    TOF Cayman Petition ............................................................ 13

    C.    The Cayman Liquidation ............................................................................ 13

    D.    Events Following Commencement of the Cayman Liquidation......................... 15

        1.    Liquidators' Investigations ...................................................... 15

        2.    TOF Curaçao Chapter 15 Application ..................................... 15

IV.    THE CAYMAN LIQUIDATION AND CAYMAN ISLANDS INSOLVENCY LAW ............................................................................................................... 16

V.    STFF'S ACTIVITIES IN THE CAYMAN ISLANDS ............................................ 19

VI.    RELIEF SOUGHT.............................................................................................. 23

VII.    BASIS FOR RECOGNITION ............................................................................. 23

    A.    The Cayman Liquidation Is a Foreign Proceeding and the Liquidators Are Foreign Representatives............................................................................... 24

    B.    The Cayman Liquidation Is a Foreign Main Proceeding.................................... 26

    C.    Alternatively, the Cayman Liquidations Should Be Recognized as Foreign Non-Main Proceedings ............................................................................... 30

    D.    The Cayman Liquidation Meets All Other Requirements for Recognition......... 32

ny-1871669

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re ABC Learning Centres Ltd.*,
   445 B.R. 318 (Bankr. D. Del. 2010) ..................................................27

*In re British Am. Isle of Venice (BVI), Ltd.*,
   441 B.R. 713 (Bankr. S.D. Fla. 2010) ................................................28

*In re Fairfield Sentry Ltd. (GBD)*,
   No. 10-13164, 2011 WL 4357421 (S.D.N.Y. Sept. 16, 2011) ................................31

*In re Gold & Honey, Ltd.*,
   410 B.R. 357 (Bankr. E.D.N.Y. 2009)..................................................25

*In re Grand Prix Assocs.*,
   No. 09-16545 (DHS), 2009 WL 1410519 (Bankr. D.N.J. May 18, 2009) .......................28, 29

*In re Millard*,
   501 B.R. 644 (Bankr. S.D.N.Y. 2013)..............................................4, 26

*In re Millennium Global Emerging Credit Master Fund Limited*,
   458 B.R. 63 (Bankr. S.D.N.Y. 2011), *aff'd*, 474 B.R. 88 (S.D.N.Y. 2012) ...........................27

*Morning Mist Holdings Ltd. V. Krys (In re Fairfield Sentry Ltd.)*,
   714 F.3d 127 (2d Cir. 2013)...............................................27, 28

*In re Suntech Power Holdings Co.*,
   520 B.R. 399 (Bankr. S.D.N.Y. 2014)............................................ *passim*

**Statutes**

11 U.S.C. § 101(23) ...................................................24, 25

11 U.S.C. § 101(24) ...................................................24

11 U.S.C. § 1501(a)(1)-(5)...................................................2

11 U.S.C. § 1502(2) ...................................................31

11 U.S.C. § 1502(4) ...................................................26

11 U.S.C. § 1502(5) ...................................................31

11 U.S.C. §§ 1515(b) ...................................................32

ii

11 U.S.C. § 1515(d) ............................................................................................32

11 U.S.C. § 1516(c) ............................................................................................27

11 U.S.C. § 1517(a) ............................................................................................24

11 U.S.C. § 1517(b)(1) .......................................................................................26

11 U.S.C. § 1521(a) ..............................................................................................2

**Other Authorities**

*In re AJW Offshore Ltd.*,
    No. 13-70078 (Bankr. E.D.N.Y. Feb. 5, 2013), ECF No. 31 ..............................4, 26

*In re Ashapura Minechem Ltd.*,
    No. 11-14668 (JMP) (Bankr. S.D.N.Y. Nov. 22, 2011), ECF No. 34 ......................5

*In re Bancredit Cayman Ltd. (in Liquidation)*,
    No. 06-11026 (SMB) (Bankr. S.D.N.Y. June 16, 2006), ECF No. 13 ...................26

*In re Farenco Shipping Co. Ltd.*,
    No. 11-14138 (REG) (Bankr. S.D.N.Y Feb. 24, 2012), ECF No. 18 ....................28

*In re Grand Prix Assocs.*,
    No. 09-16545 (DHS) (Bankr. D.N.J. May 18, 2009), ECF No. 82 .......................28

*In re Lawndale Grp. S.A.*,
    No. 15-11352 (SCC) (Bankr. S.D.N.Y. July 6, 2015), ECF No. 3 .......................28

*In re LDK Solar Co., Ltd.*,
    No. 14-12387 (PJW) (Bankr. D. Del. Nov. 21, 2014), ECF No. 43 ..................4, 26

*In re Madison Niche Assets Fund, Ltd., et al.*,
    16-10043 (KJC) (Bankr. D. Del. Mar. 1, 2016), ECF No. 35 ............................4, 28

*In re Niton Fund SPC*,
    15-13252 (SMB) (Bankr. S.D.N.Y. Jan. 13, 2016), ECF No. 7 .........................4, 28

*In re Pioneer Freight Futures*,
    No. 13-12324 (Bankr. S.D.N.Y. Aug. 23, 2013), ECF No. 14 ...............................28

*In re Platinum Partners Value Arbitrage Fund L.P. (In Provisional Liquidation), et al.*,
    No. 16-12925 (SCC) (Bankr. S.D.N.Y. Nov. 23, 2016), ECF No. 27 ..............4, 26

*In re Richcourt Euro Strategies Inc., et. al*,
    15-12273 (REG) (Bankr. S.D.N.Y), ECF No. 13 ............................................4, 28

*In re Saad Invs. Fin. Co. (No. 5) Ltd.*,
  No. 09-13985 (KG) (Bankr. D. Del. Dec. 17, 2009), ECF No. 47 ...............................4, 26, 28

*In re Tranen Capital Alt. Invs. Fund Ltd.*,
  No. 15-12620 (Bankr. S.D.N.Y. Oct. 29, 2015), ECF No. 14 ..................................................28

ny-1871669

Christopher Kennedy and Alexander Lawson, duly appointed joint official liquidators ("**Petitioners**" or **Liquidators**") of IIG Structured Trade Finance Fund Ltd. (in Official Liquidation) ("**STFF**"), a fund in liquidation in the Cayman Islands (the "**Cayman Liquidation**") by way of the winding up order dated January 31, 2020 (Cause No. FSD 240 of 2019 (NSJ)) (the "**Liquidation Order**") made by the Grand Court of the Cayman Islands (the "**Grand Court**"), by its undersigned United States counsel, Morrison & Foerster LLP, respectfully submit the Official Form Petition, this Verified Petition (together, the "Petition", the accompanying Declaration of Christopher Kennedy executed on May 8, 2020 (the "**Kennedy Declaration**"), the Declaration of Rupert Bell executed on May 8, 2020 (the "**Bell Declaration**"), and the Declaration of John A. Pintarelli executed on May 8, 2020 (the "**Pintarelli Declaration**" and, together with the Kennedy Declaration and the Bell Declaration, the "**Declarations**"), for entry of an order (the "**Proposed Order**"), substantially in the form attached hereto as **Exhibit A**, pursuant to Chapter 15 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"):

(a)     recognizing the Cayman Liquidation as a foreign main proceeding, or, in the alternative, foreign nonmain proceeding, pursuant to chapter 15 of the Bankruptcy Code, and Petitioners as STFF's foreign representatives under sections 1509 and 1517 of the Bankruptcy Code; and

(b)     granting relief pursuant to sections 1520 and 1521 of the Bankruptcy Code.

## I.     PRELIMINARY STATEMENT

1.     The purpose of Chapter 15 of the Bankruptcy Code is to provide effective mechanisms for dealing with cases of cross-border insolvency, with the express objectives of: (a) cooperation between United States courts, trustees, examiners, debtors and debtors in possession and the courts and other competent authorities of foreign countries; (b) greater legal certainty for trade and investment; (c) fair and efficient administration of cross-border

1

insolvencies that protects the interests of all creditors and other interested entities, including the debtor; (d) the protection and maximization of the debtor's assets; and (e) the facilitation of the rescue of financially troubled businesses. *See, e.g., In re Suntech Power Holdings Co.*, 520 B.R. 399, 413 (Bankr. S.D.N.Y. 2014); 11 U.S.C. § 1501(a)(1)-(5)). To that end, the Liquidators request recognition of the Cayman Liquidation as a foreign main proceeding primarily to obtain this Court's assistance in enforcing the stay of proceedings and actions against STFF and property of its estate as ordered by the Grand Court through the liquidation order, as well as to facilitate STFF's efforts to investigate potential claims against certain parties and execute on any judgments that may be obtained against those parties. Recognition of the Cayman Liquidation as a foreign main proceeding would confer upon STFF the protection of sections 362 and 1520 of the Bankruptcy Code, thereby preventing any one creditor from gaining an advantage over similarly situated creditors or otherwise interfering with the Cayman Liquidation and implementation of orders of the Grand Court.

2.      STFF is in liquidation pursuant to the Liquidation Order of the Grand Court, which was made pursuant to a petition for the winding up of STFF presented under Section 94 of the Companies Law of the Cayman Islands (2018 Revision) (as revised) (the "**Companies Law**").[2] As this Petition, the accompanying Declarations, and the exhibits thereto demonstrate, the Cayman Liquidation should be recognized as a foreign main proceeding. In the event that the Cayman Liquidation is recognized as a foreign nonmain proceeding, this Court has the discretion to order the protections and relief it deems appropriate pursuant to sections 1507 and 1521 of the Bankruptcy Code, including the requested stay of the continuation of actions or proceedings against STFF's assets. 11 U.S.C. § 1521(a).

---

[2] Excerpts of the relevant provisions of the Companies Law are attached as Exhibit A to the Bell Declaration.

3.      The Liquidators seek precisely the type of relief that chapter 15 was designed to

provide, and the Cayman Liquidation and this Petition meet all the requirements for recognition

and the requested relief.  In particular, the Liquidators were appointed by the Grand Court to

administer STFF's assets and liabilities, including potential litigation claims against third parties

in connection with its court-ordered liquidation pursuant to the Companies Law, a law relating to

insolvency or adjustment of debt.  Kennedy Declaration, ¶ 30.

4.      Likewise, the Cayman Liquidation is a collective judicial proceeding as

referenced in 15 U.S.C. § 101(23), subject to the oversight and control of the Grand Court,

encompassing all creditors and stakeholders of STFF, which is pending in the Cayman Islands,

the country in which STFF was formed, maintains registered offices and where one of its

directors resides, maintains its center of main interest ("**COMI**"), and where the Liquidators are

engaged in substantial, non-transient, ongoing economic activity involving the wind-down and

liquidation of STFF's businesses and affairs.  Kennedy Declaration ¶¶ 42-43.

5.      Pursuant to section 1516(c) of the Bankruptcy Code, the Cayman Islands are

presumed to be STFF's COMI because STFF was incorporated there and maintains its registered

office there.  This Petition and the accompanying Declarations further demonstrate that STFF's

counterparties and creditors had clear and actual knowledge that STFF was a Cayman Islands

entity.  Since the commencement of the Cayman Liquidation, the Cayman Islands are the

obvious and demonstrable "nerve center" of STFF's ongoing liquidation.  Among other things,

the Liquidators have (a) performed certain statutory duties such including (i) appointing a

liquidation committee ("**LC**") consisting of it sole contributory (equity holder) and holding an

initial meeting with the member of the LC (although the first formal LC meeting is yet to take

place); (ii) writing to third parties requesting the turnover of STFF's assets in their possession,

3

including its books and records, and (iii) soliciting the filing of proofs of debt and interests to

crystallize claims against the estate; (b) held discussions with the U.S. Securities and Exchange

Commission (the "**SEC**") related to the SEC's request to freeze assets owned by or under the

control of STFF's former investment advisor; (c) participated in the SEC Litigation (as defined

herein below) by filing an objection to a bank's application for an order lifting the asset freeze to

recover funds from account in which STFF has an ownership interest, and (d) commenced an

investigation into the activities of STFF, including transactions its former investment advisor

entered into on its behalf, all with the express purpose of winding down STFF's business from

the Cayman Islands.  Kennedy Declaration ¶¶ 48-53.  Hence, the Cayman Liquidation is a

"foreign main proceeding" within the meaning of sections 101(23), 1502(4), 1516(c), and

1517(b)(1) of the Bankruptcy Code.

6.    This and other Courts have recognized similar liquidation proceedings of Cayman

Island entities as foreign main proceedings.  *See, e.g., In re Suntech Power Holdings Co.*, 520

B.R. 399 (commencement of provisional Cayman Islands proceedings, together with subsequent

activities of liquidators, had the effect of transferring holding company's COMI to Cayman); *In

re Millard*, 501 B.R. 644, 647 (Bankr. S.D.N.Y. 2013); *In re AJW Offshore Ltd.*, No. 13-70078

(Bankr. E.D.N.Y. Feb. 5, 2013), ECF No. 31; *In re Bancredit Cayman Ltd. (in Liquidation)*, No.

06-11026 (SMB) (Bankr. S.D.N.Y. June 16, 2006), ECF No. 13; *In re LDK Solar Co., Ltd.*, No.

14-12387 (PJW) (Bankr. D. Del. Nov. 21, 2014), ECF No. 43 (recognizing Cayman Islands

liquidation as foreign main proceeding); *In re Saad Invs. Fin. Co. (No. 5) Ltd.*, No. 09-13985

(KG) (Bankr. D. Del. Dec. 17, 2009), ECF No. 47 (same); *see also In re Niton Fund SPC*, 15-

13252 (SMB) (Bankr. S.D.N.Y. Jan. 13, 2016), ECF No. 7 (Wright/Kennedy as Liquidators); *In

re Madison Niche Assets Fund, Ltd., et al.*, 16-10043 (KJC) (Bankr. D. Del. Mar. 1, 2016), ECF

4

No. 35 (Wright/Kennedy as Liquidators); *In re Richcourt Euro Strategies Inc., et al.*, 15-12273 (REG) (Bankr. S.D.N.Y. Sept. 15, 2015), ECF No. 13 (Wright as Liquidator); *In re Platinum Partners Value Arbitrage Fund L.P. (In Provisional Liquidation), et al.*, No. 16-12925 (SCC) (Bankr. S.D.N.Y. Nov. 23, 2016), ECF No. 27 (Kennedy as a Liquidator).

7.      For all of these reasons and as will be shown below, the Liquidators respectfully submit that: (a) the Cayman Liquidation is a foreign main proceeding within the meaning of sections 101(23) and 1502(4) of the Bankruptcy Code; (b) the Liquidators are the duly appointed foreign representatives of STFF within the meaning of section 101(24); (c) the Liquidators and the Petition comply with all the requirements of section 1515 and Bankruptcy Rule 1007(a)(4); and (d) recognition of the Cayman Liquidation would not be contrary to public policy under Bankruptcy Code section 1506.

8.      Under the circumstances, this Court can and should enter an order recognizing the Cayman Liquidation as a foreign main proceedings under section 1517(b)(1), or in the alternative, as a foreign nonmain proceedings under section 1517(b)(2) of the Bankruptcy Code, and granting additional relief as set forth in section 1521 of the Bankruptcy Code.

## II.    JURISDICTION AND VENUE

9.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and sections 109 and 1501 of the Bankruptcy Code.

10.     Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1410 because STFF possesses assets within the District.

11.     This is a core proceeding under 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

12.     The statutory predicates for the relief requested herein are sections 105(a), 362, 1504, 1507, 1509, 1515, 1517, 1520, and 1521 of the Bankruptcy Code.

ny-1871669

III.    **FACTUAL BACKGOUND**

A.    **STFF's Pre-Liquidation Business**

13.    On June 7, 2017, STFF was incorporated as an exempted limited liability

company under the laws of the Cayman Islands.  Kennedy Declaration ¶ 9.  STFF was formed

and operates pursuant to a Memorandum and Articles of Association, dated June 7, 2017 (the

"**Articles**"), filed with the Cayman Islands Registrar of Companies.  *Id*.  The directors of STFF

(now displaced by the Liquidators) were Andrés Carral Cuevas and Martin Laidlaw.  *Id*.  Maples

Fund Services (Cayman) Limited ("**Maples FS Limited**") was appointed as the administrator of

STFF pursuant to an administration agreement, a copy of which has not yet been provided to the

Liquidators.  *Id*.

14.    Prior to its entry into official liquidation, STFF's registered address was Maples

Corporate Services Limited, PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman

Islands.  Kennedy Declaration ¶ 9.  Upon its entry into official liquidation, STFF's address was

changed to c/o Alvarez and Marsal Cayman Islands Limited, Flagship Building, PO Box 2507,

2nd Floor, 70 Harbour Drive, George Town, Cayman Islands, KY1-1104.  *Id*.

15.    STFF entered into an investment advisory agreement dated June 26, 2017 (the

"**Investment Advisory Agreement**") with The International Investment Group L.L.C. ("**IIG**"),

pursuant to which IIG was appointed as STFF's investment advisor.  Kennedy Declaration ¶ 9.

IIG is a New Jersey investment advisory company headquartered in New York, New York.  *Id*.

IIG's founders and principals are David Hu and Martin Silver.  *Id*.

16.    Under the terms of its Confidential Private Offering Memorandum dated June

2017 (as subsequently amended, modified, and/or supplemented, the "**Offering**

**Memorandum**"), STFF carried on business as an investment fund pursuant to which it offered

participating shares ("**Shares**") to prospective investors via subscription agreements.  Kennedy

Declaration ¶ 9.  According to the Offering Memorandum, STFF's investment objective was to provide consistent returns through a professionally managed portfolio investing primarily in trade finance-related loans and other related financing transactions (the "**Investment Facilities**"), which predominantly involved obligors based in emerging market countries, with a focus on Latin America, and specifically located in Argentina, Uruguay, Ecuador, Panama, Nicaragua, Guatemala, Colombia, Brazil and Peru.  *Id*.

17.    Pursuant to a July 2018 supplement to the Offering Memorandum (the "**July 2018 Supplement**"), STFF identified an additional investment objective, which was to enter into a credit line, term loan or other financing facility or transaction, however structured, with its affiliates and/or affiliates of IIG, provided that such transactions are on an arm's-length basis. Kennedy Declaration ¶ 9.

18.    The Liquidators understand that the book value of the assets of STFF, as of November 30, 2019, were valued at not less than $118,058,047, which amount excludes potential litigation claims, and principally consist of:

| Assets | Value (USD) |
|---|---|
| Investments/Participations | $89,597,966[3] |
| Vincentin Settlement | $6,639,114[4] |
| Forestal Rio Calle Calle Settlement | $1,526,088 |
| Cash | $6,729,062 |
| Cash held at Bank Leumi | $300,000 |
| Cash held in trust for STFF by TFT at Bank Leumi | $3,162,211 |
| TOF Cayman Loan / TOF Curaçao Guarantee | $10,103,606 |
| **Total:** | $118,058,047 |

Kennedy Declaration ¶ 10.

---

[3] Book value.
[4] Estimate based on funds held in escrow.

19.     According to unaudited information provided to the Liquidators, STFF's liabilities as of November 30, 2019, totaled approximately $32,500 and principally comprised audit expenses.[5]  Kennedy Declaration ¶ 11.

**B.     Events Leading Up to the Cayman Liquidation**

**1.     SEC Investigation**

20.     In June 2018, STFF's investment advisor, IIG, as well as IIG's two principals, Messrs. Hu and Silver, received subpoenas from the SEC.  Kennedy Declaration ¶ 12.  The subpoenas sought information regarding IIG's policies, fund assets and the valuation of assets in the funds it manages, including STFF (the "**SEC Inquiry**").  *Id.*

21.     In July 2018, STFF's board of directors adopted resolutions approving the July 2018 Supplement, and recording that STFF and its affiliate, IIG Global Finance Ltd. ("**GTFF**") proposed to make a loan to another affiliate of IIG, TOF Cayman SPV ("**TOF Cayman**"), of up to $16 million (the "**TOF Cayman Loan**").  Kennedy Declaration ¶ 13.  The TOF Cayman Loan was to be supported by a security agreement between TOF Cayman, as borrower, and GTFF and STFF, as lenders.  *Id.*  In addition, another IIG affiliate, IIG Trade Opportunities Fund N.V. ("**TOF Curaçao**") guaranteed the TOF Cayman Loan.  *Id.*

22.     On November 1, 2018, STFF's directors passed a resolution that purported, *inter alia*, to suspend the redemption of Shares in STFF and the payment of any redemption proceeds pursuant to the Articles, based on a stated determination it was not possible, given market conditions, to attempt to value assets and thereby enable redemptions, and in view of that,

---

[5] The Liquidators are investigating potential additional claims against STFF, which, if proven, could render the fund insolvent.

coupled with the SEC Inquiry, it was in the interests of STFF to, *inter alia*, suspend redemptions. Kennedy Declaration ¶ 14.

23.     On November 14, 2018, STFF and GTFF sent a joint letter to their registered shareholders (the "**November 14 Letter**") advising, among other things: (a) of the SEC Inquiry; (b) that STFF intended to "wind down" and had engaged a "qualified independent consultant, Scott Steinberg" for that purpose; (c) that STFF did not anticipate net asset value ("**NAV**") calculations for the Shares or completing any audits for the foreseeable future; and (d) that GTFF and STFF had resolved to cease all redemptions effective from September 17, 2018.  Kennedy Declaration ¶ 15.  (A copy of the November 14 Letter is attached to the Kennedy Declaration as Exhibit B.)

24.     In December 2018, STFF's sole contributory was notified that STFF had been placed into wind-down, and that a third party (Mr. Scott Steinberg) had been appointed to oversee such wind-down and orderly realisation of STFF's assets.  Kennedy Declaration ¶ 16. This step was taken despite there being no agreement to a soft wind down of STFF by STFF's sole contributory.  *Id*.  Further, the Offering Memorandum did not support the proposition that a soft wind down was in the contemplation of STFF and/or its contributories at the time of subscription for shares in STFF.  *Id*.

25.     In or about January 2019, STFF's sole contributory was informed by IIG that US$40 million of STFF's loan portfolio had been written off and US$40 million of STFF's loan portfolio was in default and/or in "work out."  Kennedy Declaration ¶ 16.  By email dated August 23, 2019, Mr. Steinberg informed STFF's sole contributory that very little of STFF's assets had been liquidated and that he had resigned due to "various managerial and operational issues" and that he had achieved all he could.  *Id*.  Mr. Steinberg later informed STFF's sole

contributory that he had not been provided (by IIG) with all of the information necessary to enable the realisation of STFF's assets.  *Id*.

### 2.    Girobank Litigation

26.     On April 11, 2019, Girobank, N.V. and Girobank International, N.V. (collectively "**Girobank**") filed a petition (the "**Girobank Petition**") for an attachment and temporary restraining order against IIG and two of its affiliates, TOF Curaçao and IIG Capital LLC ("**IIG Capital**") (a specialty finance company organized under New York law and wholly owned by IIG) in New York Supreme Court.  Kennedy Declaration ¶ 17.  *See Girobank, N.V. v. IIG Trade Opportunities Fund, N.V., et al.*, Index No. 652135/2019 (N.Y. Sup. Ct. Apr. 11, 2019) (the "**Girobank Litigation**").  (A copy of the Girobank Petition is attached to the Kennedy Declaration as Exhibit D.)  The Girobank Petition alleged, among other things, that TOF Curaçao had gained control of Girobank , a small bank in Curaçao, in 2010 based on fraudulent representations to Girobank's shareholders and its regulator, the Central Bank of Curaçao and Saint Maarten (the "**Central Bank**").  The Girobank Petition further alleged that Girobank was subsequently and unwittingly enmeshed in a wide-ranging fraudulent scheme orchestrated by Messrs. Hu and Silver, among others, designed to cover losses at TOF Curaçao, IIG's "flagship" fund, and other poorly performing IIG managed investments.

27.     On September 20, 2019, STFF's sole contributory received notification from Mr. Arthur Jackoby of Herrick, Feinstein LLP (the "**STFF Appointee**") that he had been appointed to assist STFF and its directors with, amongst other things, the restructuring of STFF  Kennedy Declaration ¶ 18.  In or about October 2019, the STFF Appointee informed STFF's sole contributory's U.S. counsel of a number of issues regarding the assets and management of STFF by IIG, including that: (a) a total sum of US$220 million had been raised from investors in STFF (and GTFF) and US$120 million of such funds raised was used to pay investors in a defaulted

10

collateralized loan obligation that was unconnected with either STFF and/or GTFF; and (b) a number of the loans made by STFF (and GTFF) were in default and had been for at least two years and no material investment payments have been paid on the loans since their acquisition by STFF (or GTFF). *Id.* It may also have been the case that such loans were in default at the time STFF (or GTFF) invested in such loans, suggesting that the loans were not 'new' investments made by STFF (or GTFF) but were instead acquired from an investment fund managed by IIG, and a portion of the proceeds of the repayment of a loan due and payable to STFF (and GTFF) were unaccounted for. *Id.*

### 3.    SEC Litigation

28.    On November 21, 2019, the SEC filed a complaint against IIG (the "**SEC Complaint**"), commencing a case captioned *SEC v. International Investment Group, LLC*, No. 1:19-cv-10796 (S.D.N.Y. Nov. 21, 2019) (the "**SEC Litigation**"). Kennedy Declaration ¶ 19. (A copy of the SEC Complaint is attached to the Kennedy Declaration as Exhibit G.) The SEC Complaint alleged that IIG has perpetrated a string of frauds intended to cover up tens of millions of dollars in losses and keep its investment advisory business afloat. Among other things, the SEC Complaint alleged that, beginning in or about 2007, IIG engaged in a practice of hiding losses in the portfolio of TOF Curaçao by overvaluing troubled loans and replacing defaulted loans with fake "performing" loan assets. When it was necessary to create liquidity, including to meet redemption requests, IIG would sell the overvalued and/or fictitious loans to new investors, including, ultimately, to GTFF and STFF, and use the proceeds to generate the necessary liquidity required to pay off earlier investors. The SEC Complaint asserted that IIG is liable for violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("**Advisers Act**"); Section 10(b) of the Securities Exchange Act of 1934 ("**Exchange Act**") and Rule 10b-5 thereunder; and Section 17(a) of the Securities Act of 1933 ("**Securities Act**").

11

29.     On November 26, 2019, the District Court entered an order with the consent of

IIG (the "**SEC Order**"), which provided for, among other relief, (a) an asset freeze, (b) a

permanent injunction restraining IIG from engaging in further violations of the Advisors Act,

Exchange Act and Securities Act, (c) disgorgement by IIG of its ill-gotten gains, together with

prejudgment interest thereon, and (d) payment by IIG of civil monetary penalties.  Kennedy

Declaration ¶ 20.  (A copy of the SEC Order is attached to the Kennedy Declaration as

Exhibit H.)  Notably, the SEC Order carves out the Liquidators and other liquidators appointed

or to be appointed over funds previously managed by IIG (including STFF) from the scope of the

asset freeze. *See* SEC Order at p. 5.

### 4.     TOF Curaçao Claim Adjudication

30.     On September 3, 2019, TOF Curaçao was declared bankrupt by the Court of

Appeal, Curaçao (the "**Curaçao Bankruptcy**"), and Ms. V.P. Maria LLM (the "**TOF Trustee**")

was appointed trustee in that proceeding.  Kennedy Declaration ¶ 21.

31.     On November 26, 2019, the Liquidators, in their capacity of joint official

liquidators of IIG Global Trade Finance Fund Ltd. ("**GTFF**"), and the STFF Appointee jointly

sent (a) a notice of nonpayment to TOF Cayman, and (b) a demand for payment to TOF Curaçao,

in each case with respect to the TOF Cayman Loan.  Kennedy Declaration ¶ 22.

32.     Thomas Aardenburg, an attorney with Solina Bonapart & Aardenburg III, is

Curaçao counsel for the GTFF Liquidators and STFF Liquidators and is a member of the

liquidation committee of TOF Curaçao on their behalf.  Kennedy Declaration ¶ 23.

33.     On December 27, 2019 the Liquidators, on behalf of GTFF, and the STFF

Appointee jointly commenced an action against TOF Curaçao in the New York Supreme Court

for the County of New York, Commercial Division, [No. 657724/2019] (the "**TOF Curaçao**

**Adjudication Proceeding**"), seeking entry of a judgment pursuant to New York Civil Practice

Law and Rules ("**CPLR**") § 3213 liquidating STFF's claim against TOF Curaçao pursuant to its guarantee of the TOF Cayman Loan.  Kennedy Declaration ¶ 24.  By the TOF Curaçao Adjudication Proceeding, the Liquidators and STFF Appointee sought to obtain an independent, expedited judgment liquidating GTFF and STFF's claims against TOF Curaçao.  *Id.*

### 5.    TOF Cayman Petition

34.    On January 6, 2020, the Liquidators, in their capacity as GTFF's Joint Official Liquidators, caused GTFF to present a petition to the Grand Court seeking the winding up of TOF Cayman in accordance with Section 94 of the Companies Law as a consequence of non-payment by TOF Cayman of sums owed under the TOF Cayman Loan (the "**TOF Cayman Petition**"), a copy of which is attached to the Kennedy Declaration as Exhibit I.  Kennedy Declaration ¶ 25.

35.    On April 21, 2020, the Grand Court held a hearing on the TOF Cayman Petition, during which the Liquidators were appointed as the Joint Official Liquidators of TOF Cayman. Kennedy Declaration ¶ 26.  In addition, Geoffrey Eugene Varga and Mark Richard Longbottom of Duff & Phelps (Cayman) Limited, 42 North Church Street, The Harbour Centre, 1st Floor, Grand Cayman, KY1 1100, Cayman Islands, were appointed as "additional liquidators" of TOF Cayman.  *Id.*  Their sole function will be to adjudicate any claim that may be made by GTFF or STFF against TOF Cayman arising out of the loans that were the subject of the TOF Cayman Petition.  *Id.*  A true and correct copy of the winding up order in respect of TOF Cayman made by the Grand Court dated 1 April 2020 (and filed on 17 April 2020) is attached to the Kennedy Declaration as Exhibit J.

### C.    The Cayman Liquidation

36.    On December 4, 2019, STFF's sole contributory (the "**Petitioning Contributory**") presented a contributory's petition seeking the winding up of STFF on just and

equitable grounds and the appointment of the Liquidators as joint official liquidators of STFF pursuant to Section 94 of the Companies Law (the "**Cayman Petition**").  Kennedy Declaration ¶ 27.  (A copy of the Cayman Petition is attached to the Kennedy Declaration as Exhibit E.)  The Cayman Petition alleged that STFF had lost its sub-stratum (*i.e.*, it is no longer pursuing the business for which STFF was formed) because from at least December 2018, STFF had ceased to carry out any investment business in) accordance with the fund objectives set out in STFF's Offering Memorandum (as amended by the July 2018 Supplement), and that investment activity may have ceased in April 2018, when the last NAV statements were produced for STFF.  *Id.*

37.    Notice of the filing of the Cayman Petition and its request for appointment of the Liquidators was provided by serving a copy of the Cayman Petition on the Company at its registered office in accordance with the Companies Winding Up Rules 2018 ("**CWR**").  Kennedy Declaration ¶ 28.  Pursuant to an Order of the Grand Court dated 3 January 2020, copy of which is attached to the Kennedy Declaration as Exhibit F, the requirement for advertisement of the Cayman Petition pursuant to the CWR was dispensed with.  *Id.*

38.    The Cayman Petition sought, among other things, the following relief:  (a) the winding up of STFF to commence under the supervision of the Grand Court in accordance with the Companies Law; (b) the appointment of the Liquidators as the joint official liquidators of STFF; and (c) the granting of certain powers to the Petitioners in their capacities as the Liquidators of STFF, as described in the Cayman Petition and discussed in greater detail below.  Kennedy Declaration ¶ 29.

39.    On January 13, 2020, the hearing of the Cayman Petition took place, during which the assigned Judge noted that, since the activities of parties including IIG and STFF were understood to be the subject to ongoing investigation by the SEC, as a matter of judicial comity

the Grand Court preferred to wait until the SEC had provided confirmation of its awareness of the Cayman Petition and non-objection to the relief sought by it.  .  Kennedy Declaration ¶ 30. Such confirmation was provided by counsel for the Petitioning Contributory on January 16, 2020 and following this, on January 31, 2020, the Grand Court made the Liquidation Order.  *Id.*

The Liquidators are appointed as joint official liquidators in the Cayman Islands official liquidation of GTFF, an affiliate of STFF, by order of the Grand Court dated 23 October 2019 (the "GTFF Liquidators"), which this Court has recognized as a foreign main proceeding (*In re IIG Global Trade Finance Fund. Ltd (in Official Liquidation*), No. 20-10132 (Bankr. S.D.N.Y Feb. 19, 2020)), and as to which joint administration with the chapter 15 case of STFF is being requested.

### D.   Events Following Commencement of the Cayman Liquidation

#### 1.   Liquidators' Investigations

40.    Since their appointment, the Liquidators have begun an investigation into the assets of STFF.  Kennedy Declaration ¶ 32.  As part of their investigation, the Liquidators have begun efforts to trace STFF's investment proceeds, and to try to recover those proceeds from borrowers and other third parties.  *Id.*

#### 2.   TOF Curaçao Chapter 15 Application

41.    On March 2, 2020, the TOF Trustee filed a petition with this Court seeking recognition of the Curaçao as a foreign main proceeding under chapter 15 of the Bankruptcy Code (the "**IIG TOF Petition**"), Case No. 20-10666 (MEW) (the "**TOF Curaçao Chapter 15 Proceeding**").  Kennedy Declaration ¶ 33.  In addition, the TOF Trustee filed an application in the TOF Curaçao Chapter 15 Proceeding seeking, among other relief, a stay of the TOF Curaçao Adjudication Proceeding pending a decision with respect to the TOF Curaçao Chapter 15 Petition (the "**Provisional Stay Application**").  *Id.*

42.     On March 6, 2020, this Court granted the Provisional Stay Application and entered an order staying the TOF Curacao Litigation pending a decision with respect to the TOF Curaçao Chapter 15 Petition (the "**Stay Order**").  Kennedy Declaration ¶ 34.

43.     On April 3, 2020, the Court entered an order granting the IIG TOF Petition, as a result of which STFF is currently stayed from liquidating its claims against TOF Curacao in the TOF Curacao Litigation.  Kennedy Declaration ¶ 35.

## IV.    THE CAYMAN LIQUIDATION AND CAYMAN ISLANDS INSOLVENCY LAW

44.     The substantive law relating to the winding up of companies incorporated in the Cayman Islands is contained in Part V of the Companies Law.  Bell Declaration ¶ 19.  The provisions of Part V apply to companies formed and registered under the Companies Law or its predecessors, including companies that are formed as exempted companies and limited partnerships.  *Id*.

45.     The statutory provisions governing the liquidation of Cayman Islands companies are set out in Part V of the Companies Law, which is supplemented by the CWR, the Insolvency Practitioners' Regulations 2018 (the "**IPR**"), the Foreign Bankruptcy Proceedings (International Cooperation) Rules 2018, and the Grand Court Rules 1995 (as revised) (the "**GCR**").  Bell Declaration ¶ 19.

46.     A Cayman Islands company may be wound up:  (a) compulsorily, by order of the Grand Court;[6] (b) voluntarily, following the passing of a special resolution of its shareholder(s),[7]

---

[6] Section 90(a) of the Companies Law.

[7] Section 90(b)(i) of the Companies Law.

ny-1871669

or pursuant to a mandatory term in its constitutional documents[8] or other event;[9] or (c) under the supervision of the Grand Court.[10]  Bell Declaration ¶ 20.

47.    The Liquidators are fiduciaries and officers of the Grand Court.  Bell Declaration ¶ 25.  As official liquidators of STFF, their function is to: (a) collect, realize and distribute the assets of STFF to its creditors and if there is a surplus, to equity holders in accordance with their rights, and (b) report to STFF's creditors and other stakeholders upon the affairs of STFF and the manner in which it is being wound up.[11]  *Id.*

48.    Generally, the Liquidators are authorized and empowered to take the following actions with the sanction of the Grand Court:

- Power to bring or defend any action or other legal proceeding in the name and on behalf of the company.

- Power to carry on the business of the company so far as may be necessary for its beneficial winding up.

- Power to dispose of any property of the company to a person who is or was related to the company.

- Power to pay any class of creditors in full.

- Power to make any compromise or arrangement with creditors or persons claiming to be creditors or having or alleging themselves to have any claim (present or future, certain or contingent, ascertained or sounding only in damages) against the company or for which the company may be rendered liable.

- Power to compromise on such terms as may be agreed all debts and liabilities capable of resulting in debts, and all claims (present or future, certain or contingent, ascertained or sounding only in damages) subsisting, or supposed to subsist between the company and a contributory or alleged contributory or other debtor or person apprehending liability to the company.

---

[8] Section 90(b)(ii) of the Companies Law.

[9] Section 90(b)(iii) of the Companies Law.

[10] Section 90(c) of the Companies Law.

[11] Section 110 of the Companies Law.

- Power to deal with all questions in any way relating to or affecting the assets or the winding up of the company, to take any security for the discharge of any such call, debt, liability or claim and to give a complete discharge in respect of it.

- The power to sell any of the company's property by public auction or private contract with power to transfer the whole of it to any person or to sell the same in parcels.

- The power to raise or borrow money and grant securities therefor over the property of the company.

- The power to engage staff (whether or not as employees of the company) to assist them in the performance of their functions.

- The power to engage attorneys and other professionally qualified persons to assist them in the performance of their functions.

Bell Declaration ¶ 26 (citing Companies Law, section 110, Schedule 3, Part I).

49.    Schedule 3, Part II of section 110 of the Companies Law further provides that the

Liquidators are permitted to exercise the following powers without the Grand Court's sanction:

- The power to take possession of, collect and enter the property of the company and for that purpose to take all such proceedings as the Liquidators consider necessary.

- The power to do all acts and execute, in the name and on behalf of the company, all deeds, receipts and other documents and for that purpose to use, when necessary, the company seal.

- The power to prove, rank and claim in the bankruptcy, insolvency or sequestration of any contributory for any balance against STFF's estate, and to receive dividends in the bankruptcy, insolvency or sequestration in respect of that balance, as a separate debt due from the bankrupt or insolvent and ratably with the other separate creditors.

- The power to draw, accept, make and indorse any bill of exchange or promissory note in the name and on behalf of the company, with the same effect with the respect of STFF's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the company in the course of its business.

- The power to promote a scheme of arrangement pursuant to section 86 of the Companies Law.

- The power to convene meetings of creditors and contributories.

- The power to do all other things incidental to the exercise of their powers.

Bell Declaration ¶ 27 (citing Companies Law, section 110, Schedule 3, Part II).

18

50.     Under the Companies Law, the Liquidators are also empowered to investigate (a) the causes for the failure of STFF's business, as well as (b) generally, the promotion, business, dealings and affairs of STFF.  Bell Declaration ¶ 28 (citing Companies Law, section 102).

51.     A general principle underlying the Companies Law and the Cayman Liquidation is that creditors are treated on a *pari passu* basis, subject to certain exceptions.[12]  Bell Declaration ¶ 22 (citing Companies Law, section 140).

52.     Cayman liquidation proceedings are fair and equitable insofar as that all creditors have the opportunity to be heard by the Grand Court and no creditors will be prejudiced on the sole basis that they are foreign-based.  Bell Declaration ¶ 24.

53.     Section 97(1) of the Companies Law provides in relevant part that upon the entry of a winding up order against a company, no suit or other proceeding may be commenced or continued against the company except with leave of the Grand Court and subject to such terms as the Grand Court might impose.  Bell Declaration ¶ 23.  This automatic stay mirrors the stay imposed in U.S. bankruptcy proceedings and serves to, *inter alia*, facilitate the Liquidators' ability to deal with claims and creditors collectively and comprehensively.  *Id.*

## V.    STFF'S ACTIVITIES IN THE CAYMAN ISLANDS

54.     STFF was formed as an exempted limited company under the laws of the Cayman Islands and maintained its registered office in the Cayman Islands.  Kennedy Declaration ¶ 9.

55.     An "exempted" company under the Companies Law is prohibited from undertaking business in the Cayman Islands except in furtherance of its business carried on

---

[12] For example, see sections 140 and 141 of the Companies Law.

outside the Cayman Islands.[13]  Bell Declaration ¶ 29.  Specifically, it may effect and conclude

contracts in the Cayman Islands and exercise in the Cayman Islands all of its powers necessary

for the carrying on of its business outside the Cayman Islands, meaning that it may employ staff

or agents in the Cayman Islands and have offices in the Cayman Islands in furtherance of its

business outside the Cayman Islands, which STFF has always had.  *Id.*

56.    Although upon its incorporation STFF were restricted from carrying on business

within the Cayman Islands, this did not mean that STFF had no presence there.  For example,

STFF's registered office prior to the commencement of the Cayman Liquidation was located at

Maples Corporate Services Limited, PO Box 309, Ugland House, Grand Cayman, KY1-1104,

Cayman Islands, from where STFF's annual filings with the Registrar of Companies were made.

Kennedy Declaration ¶ 9.  Under applicable law, the situs of the shares of a Cayman Islands

company is the place of its incorporation, *i.e.* the Cayman Islands.  Bell Declaration ¶ 30.  In

addition, one of STFF's directors is domiciled and resident in the Cayman Islands and STFF was

previously regulated by CIMA.  *Id.*

57.    The status of a company as "exempted" does not operate to prevent the

liquidation of that company from being controlled and supervised from within the Cayman

Islands.  Bell Declaration ¶ 31.

58.    In addition, it is a requirement of Cayman Islands law that at least one official

liquidator be resident in the Cayman Islands.  Bell Declaration ¶ 31.  In this case, both

Liquidators are residents of the Cayman Islands, as required by the IPR.  *Id.*

---

[13] Requirements are such that the operation of the proposed company must be "... conducted mainly outside the
[Cayman] Islands."  *See* sections 163 and 165 of the Companies Law.  Exempted companies are also required to file
an annual return with the Registrar of Companies to this effect, along with its annual fees, pursuant to section 168(b)
of the Companies Law.

59.     Upon the entry of the Liquidation Order, the Liquidators took the various steps required under the Companies Law and the CWR, including the publication of statutory notices and the convening of a meeting of the sole contributory of STFF.  Kennedy Declaration ¶ 38.  A meeting with STFF's sole contributory was held on April 8, 2020, and was chaired from the Cayman Islands.  *Id.*  It is not possible for a liquidation committee of STFF to be established because STFF has only one contributory that the Liquidators are aware of.  *Id.*  However, the Liquidators will continue to report to the sole contributory of STFF in accordance with their obligations under Cayman Islands law and the sole contributory will be invited to provide its views in respect of any material action the Liquidators consider taking in respect of STFF.  *Id.*

60.     Since their appointment, the Liquidators have overseen and directed all activities related to STFF from the Cayman Islands.  Kennedy Declaration ¶ 48.  A significant proportion of the work to date relating to the Cayman Liquidations has been conducted in the Cayman Islands, and all of the work is supervised by the Liquidators and ultimately subject to the supervision of the Grand Court.  *Id.*

61.     Moreover, while STFF was operating, it issued and received voluminous documentation, and in all such documentation, STFF is referred to and addressed as a Cayman Islands company.  Kennedy Declaration ¶ 46.  Based upon board meetings and resolutions, and the liquidation of STFF itself, all of which focused on the Cayman Islands, it is clear that all relevant creditors and the sole contributory regard STFF to be a Cayman Islands entity.  *Id.*

62.     Initially, the Liquidators caused the requisite notices and filings to be filed, published, and served in the Cayman Islands.  Kennedy Declaration ¶ 49.

63.     The Liquidators have taken emergency steps to protect and realize STFF's assets, including emergency meetings with investors and financial counterparties, all from the Cayman

Islands.  Kennedy Declaration ¶ 50.  The Liquidators have also engaged in substantial formal and informal communications with STFF's former principals and all relevant stakeholders, including meetings with creditors, toward arriving at a consensus for liquidation strategy and handling the day-to-day operations of STFF's operating assets.  *Id*.  All such communications have been presided over from the Cayman Islands.  *Id*.

64.     Since the outset of the Cayman Liquidation, the Liquidators have been in contact with the SEC, STFF's sole contributory, and all of STFF's service providers.  Kennedy Declaration ¶ 53.  The Liquidators have begun the exercise of collecting STFF's books and records to aid in their investigation of STFF's financial affairs, including the significant drop in the value of STFF's assets, which occurred over a relatively short investment period.  Kennedy Declaration ¶ 52.

65.     One item that the Liquidators and their counsel immediately began to address was the status of certain affiliates involved in transactions that may have impacted STFF.  Kennedy Declaration ¶ 32.  The Liquidators and their counsel are still working to gather data regarding STFF's assets and have spent dozens of hours working to understand the purported transactions underlying STFF's investments.  *Id*.  Upon their appointment, the Liquidators took over control of directing the TOF Curaçao Adjudication Proceeding, which has since been stayed by order of this Court.  Kennedy Declaration ¶ 35.  In addition, the Liquidators took over prosecution of the winding up of TOF Cayman on behalf of STFF from the STFF Appointee.  Kennedy Declaration ¶ 26.

66.     In addition to the work described above, the Liquidators have engaged and overseen the following specific and general matters on their own and through and with the

assistance of Cayman and U.S. counsel, commencing the process within days of the issuance of

the Liquidation Order:

- Overseeing the administration function of STFF;

- Gaining access to and control over certain electronic files of STFF and undertaking a detailed review of the same;

- Monitoring the SEC Litigation and Girobank Litigation;

- Holding ongoing discussions with all of the major creditors of and equity holders in STFF;

- Holding meetings and discussions with management and employees of IIG;

- Holding discussions with potential purchasers of the loan positions into which STFF is invested; and

- Liaising with STFF's former bank to arrange for control and transfer of funds to the Liquidators.

Kennedy Declaration ¶ 53.

67.     As a result, not only is the management of STFF being conducted by the

Liquidators from within the Cayman Islands, but the key aspects of STFF's management are

subject to the orders and jurisdiction of the Grand Court.  Bell Declaration ¶¶ 26-28.

## VI.   RELIEF SOUGHT

68.     By this Verified Petition, the Liquidators seek the following relief:

(a)     Recognition of the Cayman Liquidation as a foreign main proceeding, or in the alternative, foreign nonmain proceeding, pursuant to Chapter 15 of the Bankruptcy Code, and Petitioners as STFF's foreign representatives under sections 1509 and 1517 of the Bankruptcy Code; and

(b)     Relief pursuant to sections 1520 and 1521 of the Bankruptcy Code.

## VII.  BASIS FOR RECOGNITION

69.     Section 1517 of the Bankruptcy Code mandates entry of an order recognizing a

"foreign proceeding" if it appears that recognition will not undermine U.S. public policy and:

23

"(1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign non-main proceeding within the meaning of section 1502; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515."  11 U.S.C. § 1517(a).

70.    Each of those requirements is met here, and entry of an order substantially in the form attached hereto as **Exhibit A** will significantly aid the Liquidators' efforts to administer STFF's assets and liabilities, and ensure a fair and equitable treatment of and greater distributions to STFF's creditors and interest holders.

## A.    The Cayman Liquidation Is a Foreign Proceeding and the Liquidators Are Foreign Representatives

71.    Section 101(23) of the Bankruptcy Code defines a foreign proceeding as:

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).  This definition incorporates the term foreign representative, which the Bankruptcy Code in turn defines as "a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding."  11 U.S.C. § 101(24).  The Liquidators and the Cayman Liquidation undoubtedly satisfy each of these requirements.

72.    First, the Cayman Liquidation is a judicial proceeding in a foreign country, the Cayman Islands, subject to the control and supervision of the Grand Court.  Bell Declaration ¶ 21.  All claims against STFF may be submitted in the Cayman Liquidation and all claimants

have the right to access the Grand Court and appeal decisions of the Liquidators.  Kennedy

Declaration ¶ 47.

73.     Second, the Cayman Liquidation is being conducted by the Liquidators, who were

appointed by the Grand Court pursuant to the Companies Law as joint liquidators to oversee the

winding up of STFF according to the provisions of the Companies Law.  Bell Declaration ¶ 14.

As such, each of the Liquidators is a "person authorized in a foreign proceeding to administer the

reorganization or the liquidation of [STFF's] assets or affairs," within the meaning of section

101(24).

74.     Third, the relevant portions of the Companies Law and related rules that govern

the Cayman Liquidation specifically relate to proceedings in the Cayman Islands concerning

"insolvency or adjustment of debt."  11 U.S.C. § 101(23); Bell Declaration ¶ 20.

75.     Finally, the Cayman Liquidation is a "collective ... proceeding" because it

"considers the rights and obligations of all creditors*."  See, e.g., In re Ashapura Minechem Ltd*.,

No. 11-14668 (JMP) (Bankr. S.D.N.Y. Nov. 22, 2011), ECF No. 34, at 6 (*quoting In re Betcorp

Ltd.*, 400 B.R. 266, 281 (Bankr. D. Nev. 2009)); *In re Gold & Honey, Ltd.*, 410 B.R. 357, 370

(Bankr. E.D.N.Y. 2009) (citations omitted).  Pursuant to the Liquidation Order and the

Companies Law, the Cayman Liquidation and the Liquidators' management of STFF's assets

and affairs are subject to the supervision and control of the Grand Court.  Bell Declaration ¶ 20.

In addition to the urgent business discussed above, the Liquidators currently are in the process of

assessing claims from all of STFF's creditors and collecting claims against current and

contingent debtors in respect of STFF, have met with STFF's sole contributory, and are well

engaged in the process of liquidating STFF's illiquid assets and hard assets.  Kennedy

Declaration ¶¶ 50, 52.

76.     As discussed above, numerous courts in this and other districts have found that

official liquidation proceedings brought pursuant to the Companies Law qualify as a "foreign

proceeding," and that joint liquidators appointed and overseen by the Grand Court qualify as a

"foreign representative" for purposes of section 101(23) and (24).  *See, e.g., In re LDK Solar

Co., Ltd*, No. 14-12387 (PJW) (Bankr. D. Del.) (recognizing Cayman Islands liquidation as

foreign main proceeding); *In re Platinum Partners Value Arbitrage Fund L.P. (In Provisional

Liquidation), et al.*, No. 16-12925 (SCC) (Bankr. S.D.N.Y.) (same); *In re Saad Invs. Fin. Co.

(No. 5) Ltd.*, No. 09-13985 (KG) (Bankr. D. Del.) (same); *In re Suntech Power Holdings Co.,*

520 B.R. at 416-17 (commencement of provisional Cayman proceedings, together with

subsequent activities of liquidators had the effect of transferring holding company's COMI to

Cayman); *In re Millard*, 501 B.R. at 647 (individual bankruptcies before Cayman Grand Court);

*In re AJW Offshore Ltd.*, Case No. 13-70078, (Bankr. E.D.N.Y.; *In re Bancredit Cayman Ltd. (in

Liquidation)*, No. 06-11026 (SMB) (Bankr. S.D.N.Y.).

77.     For the foregoing reasons, the Cayman Liquidation is a "foreign proceeding"

within the meaning of section 1517(a)(1) of the Bankruptcy Code.

**B.     The Cayman Liquidation Is a Foreign Main Proceeding**

78.     The Cayman Liquidation is a "foreign main proceeding" within the meaning of

section 1502(4) of the Bankruptcy Code because STFF's COMI is in the Cayman Islands.

Kennedy Declaration ¶ 43.  The Bankruptcy Code defines a "foreign main proceeding" as "a

foreign proceeding pending in the country where the debtor has the center of its main interests."

11 U.S.C. § 1502(4).  A foreign proceeding "shall be recognized" as a foreign main proceeding if

it is pending where the debtor has its COMI.  *See* 11 U.S.C. § 1517(b)(1).

79.     Although the Bankruptcy Code does not define "center of main interests,"

pursuant to section 1516(c) of the Bankruptcy Code, in the absence of evidence to the contrary,

the debtor's registered office, which in this case is the Cayman Islands, is presumed to be its

COMI.  11 U.S.C. §1516(c).  *See also In re ABC Learning Centres Ltd*., 445 B.R. 318, 333

(Bankr. D. Del. 2010) (holding that debtor's registered jurisdiction was its COMI where debtor

established the section 1516 presumption, and no evidence was presented rebutting that

presumption).

80.    Here, the registered office of STFF is in the Cayman Islands, and has been since

the time of STFF's formation.  Kennedy Declaration ¶ 43. Further, there is no contrary evidence

to rebut the resulting presumption that the Cayman Islands is STFF's COMI.

81.    As discussed in detail above, although STFF was formed as an "exempt"

company, it nevertheless maintained its registered office in the Cayman Islands even before the

commencement of the Cayman Liquidations, and its documents and other correspondence made

it clear that it was a Cayman Islands company registered with CIMA.  Kennedy Declaration ¶ 43.

In any case, a foreign debtor's COMI is determined at the time the Chapter 15 petition is filed.

*Morning Mist Holdings Ltd. V. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 137 (2d Cir.

2013) ("a debtor's COMI should be determined based on its activities at or around the time the

Chapter 15 petition is filed, as the statutory text suggests."); *In re Millennium Global Emerging

Credit Master Fund Limited,* 458 B.R. 63 (Bankr. S.D.N.Y. 2011), *aff'd*, 474 B.R. 88 (S.D.N.Y.

2012) (describing same COMI test in respect of similar Bermuda fund structure).  Where, as

here, a debtor has engaged in substantial restructuring efforts and related activities prior to the

filing of the Chapter 15 petition, courts will consider such activities in the determination of the

debtor's COMI.  *Fairfield Sentry Ltd.*, 714 F.3d at 137.

82.    On this basis, numerous similar offshore funds and structures have been

recognized by courts in various jurisdictions as foreign main proceedings pursuant to Chapter 15.

*See, e.g., In re Niton Fund SPC,* 15-13252 (SMB) (Bankr. S.D.N.Y.) (Wright/Kennedy as Liquidators); *In re Madison Niche Assets Fund, Ltd., et. al,* 16-10043 (KJC) (Bankr. D. Del.) (Wright/Kennedy as Liquidators); *In re Richcourt Euro Strategies Inc., et. al,* 15-12273 (REG) (Bankr. S.D.N.Y) (Wright as Liquidator); *In re Tranen Capital Alt. Invs. Fund Ltd.,* No. 15-12620 (Bankr. S.D.N.Y. Oct. 29, 2015), ECF No. 14 (recognizing liquidation of British Virgin Island Fund structure as a foreign main proceeding); *In re Lawndale Grp. S.A.,* No. 15-11352 (SCC) (Bankr. S.D.N.Y. July 6, 2015), ECF No. 3 (recognizing liquidation of British Virgin Islands entity as foreign main proceeding); *In re Pioneer Freight Futures,* No. 13-12324 (Bankr. S.D.N.Y. Aug. 23, 2013), ECF No. 14 (recognizing British Virgin Islands liquidation proceeding as foreign main proceeding); *In re Farenco Shipping Co. Ltd.,* No. 11-14138 (REG) (Bankr. S.D.N.Y Feb. 24, 2012), ECF No. 18 (same); *see also In re British Am. Isle of Venice (BVI), Ltd.,* 441 B.R. 713 (Bankr. S.D. Fla. 2010) (recognition of offshore funds as foreign main proceedings); *In re Grand Prix Assocs.,* No. 09-16545 (DHS) (Bankr. D.N.J. May 18, 2009), ECF No. 82 (same); *In re Saad Invs. Fin. Co. (No. 5) Ltd.,* No. 09-13985 (KG) (Bankr. D. Del.) (Cayman fund).

83.    In addition to the presumption provided under section 1516, courts consider any relevant factors, including: (a) the location of the debtor's assets; (b) the location of the debtor's books and records; (c) the location of the majority of the debtor's creditors; (d) the commercial expectations and knowledge of the debtor's creditors; and (e) the location of those who actually manage the debtor.  *See, e.g., In re Suntech Power Holdings Co.,* 520 B.R. at 416; *In re Grand Prix Assocs.,* No. 09-16545 (DHS), 2009 WL 1410519, at *22 (Bankr. D.N.J. May 18, 2009). These factors, however, are not dispositive or exclusive, and none of the factors are required. *See In re Fairfield Sentry Ltd.,* 714 F.3d at 137-38.  Further, courts have also looked to whether a

Chapter 15 debtor's COMI would have been readily ascertainable to parties in interest, such as the debtor's creditors. *See Grand Prix Assocs.,* 2009 WL 1410519, at *6.

84.     Applying the foregoing factors to this case, there is no doubt that STFF's COMI is the Cayman Islands.  While STFF has claims to certain cash balances in attorney escrow accounts held in New York, STFF's books and records held by former agents of the fund and claims to proceeds payable pursuant to a master participation agreement entered into between STFF and a Delaware trust affiliate, approximately $6.7 million of STFF's cash is held in a Cayman Islands-domiciled account controlled by the Liquidators and future realizable value for STFF's stakeholders will come from parties in foreign jurisdictions.  Kennedy Declaration ¶ 45. The collection of this value is and will be overseen from the Cayman Islands by the Liquidators through the winding up proceeding of STFF, including via the Liquidators' negotiation of potential settlements and oversight of several pending and contemplated litigations, including the winding up of TOF Cayman, as discussed above.  Based on the documentation issued by and as to STFF, the corporate meetings, statutory demands and resolutions to wind up STFF, contributory meetings and STFF's liquidation, all of which focused on the Cayman Islands, it is clear that all relevant creditors and the sole contributory regard STFF to be a Cayman Islands company and that all relevant persons, entities, investors, creditors and counter-parties regard the Cayman Islands to be the "nerve center" of STFF.  *Id.* at ¶ 46.

85.     Since the commencement of the Cayman Liquidation, substantially all activities associated therewith have been conducted and/or overseen by the Liquidators from the Cayman Islands, including overseeing the collection of STFF's assets.  Among other things, the Liquidators have overseen and filed all necessary notices and displaced the prior management of STFF and assumed their duties, are engaged in the process of investigating and assessing the

ny-1871669

claims of STFF and its creditors and interest holders, and of gathering information about the operation and management of STFF's business before the Cayman Liquidation, and are engaged in discussions with creditors and interest holders. Kennedy Declaration ¶ 53.

86.    The *Suntech* opinion issued by this Court is instructive.  In *Suntech,* the Court held that the activities of a Cayman provisional liquidator were sufficient to establish the Cayman Islands as the debtor's COMI, even though the debtor's principal place of business prior to foreign liquidation was in China.  *In re Suntech Power Holdings Co.,* 520 B.R. at 419.

87.    A primary factor in this Court's COMI analysis for *Suntech* was the provisional liquidator's active involvement in managing the debtor fund's subsidiaries.  As set forth above, the Liquidators have been continuously working on managing STFF.  In *Suntech,* day-to-day operations of the debtor fund was left to a board of directors, while the Liquidators in this case have absolute management control over STFF subject to the supervision of the Grand Court.  *In re Suntech Power Holdings Co., Ltd.,* 520 B.R. at 417.

88.    As set forth in detail in paragraphs 54-66 above, as well as in the accompanying Kennedy Declaration, it is respectfully submitted that the level of liquidation and ongoing business activity in this case substantially exceeds what this Court and other Courts have previously found sufficient to establish COMI.

89.    Under the circumstances, the Liquidators submit that there is ample evidence and precedent to support recognition of the Cayman Liquidation as a foreign main proceeding.

**C.    Alternatively, the Cayman Liquidations Should Be Recognized as Foreign Non-Main Proceedings.**

90.    As set forth above, the Cayman Liquidation meets the requirements of a "foreign main proceeding" pursuant to section 1502 of the Bankruptcy Code.  Nevertheless, should the Court determine that the Cayman Liquidation should not be recognized as a foreign main

ny-1871669

proceeding, the Liquidators submit that, in the alternative, the Cayman Liquidation should be

recognized as a foreign nonmain proceeding under sections 1517(b)(2) and 1502(5) of the

Bankruptcy Code.

91.    Section 1502(5) of the Bankruptcy Code defines a foreign nonmain proceeding as

"a foreign proceeding, other than a foreign main proceeding, pending in a country where the

debtor has an establishment." 11 U.S.C. § 1502(5).  In turn, "establishment" is defined by

section 1502(2) as being "any place of operations where the debtor carries out nontransitory

economic activity." 11 U.S.C. § 1502(2). The "establishment" requirement is satisfied by the

local conduct of business.  *See In re Fairfield Sentry Ltd. (GBD),* No. 10-13164, 2011 WL

4357421, at *10 n.8 (S.D.N.Y. Sept. 16, 2011) ("This Court agrees with the Bankruptcy Court

that if main recognition were not granted, non-main recognition of Sentry's BVI Proceeding

would be appropriate because Sentry has an establishment in the BVI for the conduct of

nontransitory economic activity, *i.e.* a local place of business.").

92.    The Liquidators respectfully submit that, at a minimum, their activities in the

Cayman Islands constitute non-transitory economic activity.  Kennedy Declaration ¶ 43.  The

Liquidators are continuing the remaining business of STFF as part of the winding-up of STFF's

affairs from the Liquidators' offices in the Cayman Islands.  *Id*. at ¶ 45.  There is no foreign or

domestic insolvency proceeding other than the Cayman Liquidation.  *Id*. at ¶ 55. As such, there

can be no dispute that the Cayman Liquidation is a legitimate insolvency proceeding.  Under the

circumstances, and given that STFF's ongoing business activities are being conducted from the

Cayman Islands, at a minimum this Court should recognize the Cayman Liquidation as a foreign

nonmain proceedings pursuant to Chapter 15 and further, to grant the Liquidators the

discretionary relief requested.

ny-1871669

**D.     The Cayman Liquidation Meets All Other Requirements for Recognition**

93.     In addition to being a foreign main (or nonmain) proceeding brought by duly appointed foreign representatives, the Cayman Liquidation meets all other requirements for recognition under section 1515 of the Bankruptcy Code.  The Petition is accompanied by certified copies of the Liquidation Order issued by the Grand Court, which evidences the commencement of the Cayman Liquidation and the appointment of the Liquidators as joint liquidators of STFF.  The Petition also is accompanied by a declaration that contains a statement identifying all foreign proceedings with respect to STFF that are known to the Liquidators.  *See* 11 U.S.C. §§ 1515(b), (c); *see also* Kennedy Declaration ¶ 55.

94.     The Petition likewise is accompanied by a declaration containing the information required by Bankruptcy Rule 1007, including the disclosures required by Bankruptcy Rule 7007.1, a statement indicating that there are no other persons or entities known to the Liquidators that are authorized to administer foreign proceeding with respect to STFF, and a list of all parties to litigation with STFF in the United States.  *See* Kennedy Declaration ¶¶ 56, Exhibit K.  All documents supporting the Petition are in English.  *See* 11 U.S.C. § 1515(d).  For all of these reasons, this Court can and should find that all of the requirements for recognition of the Cayman Liquidation as a foreign main proceeding under Chapter 15 have been satisfied.

Dated:  May 8, 2020
          New York, New York

Respectfully submitted,

/s/ John A. Pintarelli
John A. Pintarelli
Erica J. Richards
MORRISON & FOERSTER LLP
250 W. 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Attorneys for Petitioners, Christopher Kennedy and Alexander Lawson, in their capacities as Joint Official Liquidators of IIG Structured Trade Finance Fund Ltd. (in Liquidation)*

33

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, Christopher Barnett Kennedy declares as follows:

My colleague Alexander Lawson and I are duly appointed joint official liquidators ("**Petitioners**" or **Liquidators**") of IIG Structured Trade Finance Fund Ltd. (in Official Liquidation) ("**STFF**"), an exempt company and fund in liquidation in the Cayman Islands (the "**Cayman Liquidation**") by way of the winding up order dated January 31, 2020 (Cause No. FSD 240 of 2019 (NSJ)) (the "**Liquidation Order**") made by the Grand Court of the Cayman Islands (the "**Grand Court**"), which order was made pursuant to a petition for the winding up of STFF presented under Section 94 of the Companies Law of the Cayman Islands (2018 Revision). I have full authority to verify the foregoing *Verified Petition for Order Recognizing Foreign Main Proceeding and Granting Additional Relief and Memorandum of Law in Support Thereof* (the "**Verified Petition**").  I have read the Verified Petition, am informed, and believe that the allegations contained therein are true and accurate to the best of my knowledge, information, and belief.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed this 8th day of May, 2020, in Grand Cayman, Cayman Islands.



/s/ Christopher Kennedy
Christopher Kennedy
Joint Official Liquidator for IIG Structured Trade
Finance Fund Ltd. (in Official Liquidation)

**<u>Exhibit A</u>**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 15 |
| | : | |
| | : | |
| IIG Structured Trade Finance Fund Ltd.,[1] | : | Case No. 20-11129 (___) |
| | : | |
| | : | |
| Debtor in a Foreign Proceeding. | : | |

### ORDER GRANTING RECOGNITION AND RELIEF IN AID OF A FOREIGN MAIN PROCEEDING PURSUANT TO SECTIONS 1504, 1509, 1515, 1517, 1520 AND 1521 OF THE BANKRUPTCY CODE

Christopher Kennedy and Alexander Lawson, duly appointed joint official liquidators ("**Petitioners**" or "**Liquidators**") of IIG Structured Trade Finance Fund Ltd. (in Official Liquidation) ("**STFF**"), a fund in liquidation in the Cayman Islands (the "**Cayman Liquidation**") by way of the winding up order dated January 31, 2020 (Cause No. FSD 240 of 2019 (NSJ)) (the "**Liquidation Order**") made by the Grand Court of the Cayman Islands (the "**Grand Court**"), by its United States counsel, Morrison & Foerster LLP, having filed the Official Form Petition and the *Verified Recognition of Foreign Insolvency Proceedings and Application for Additional Relief, Pursuant to Sections 1504, 1509, 1515, 1517, 1520 and 1521 of the Bankruptcy Code* (the "**Verified Petition**"[2] and, together with the Official Form Petition, the "**Petition**"), and the accompanying Kennedy Declaration, Bell Declaration, and Pintarelli Declaration, seeking relief pursuant to chapter 15 of the Bankruptcy Code; and upon due consideration of the Petition, the Kennedy Declaration, the Bell Declaration, and the Pintarelli Declaration, together with all exhibits thereto, in support of the Petition, and hearing no objections thereto, and a hearing having been held

---

[1] The last four digits of the Debtor's company number is (3564). The registered office of the Debtor is c/o Alvarez and Marsal Cayman Islands Limited, Flagship Building, PO Box 2507, 2nd Floor, 70 Harbour Drive, George Town, Grand Cayman, KY1-1104, Cayman Islands.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Verified Petition.

on _____ ___, 2020 (the "**Hearing**"), at which the Kennedy Declaration, the Bell Declaration, and the Pintarelli Declaration were received in evidence; and appropriate and timely notice of the filing of the Petition and the Hearing thereon having been given by the Liquidators, pursuant to section 1514 of the Bankruptcy Code; and such notice having been adequate and sufficient for all purposes; and no other or further notice being necessary or required; and no objections or other responses having been filed [that have not been overruled, withdrawn or otherwise resolved]; and all interested parties having had an opportunity to be heard at the Hearing; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

A.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated February 1, 2012.

B.     Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410 (2) because STFF possesses assets within this district, and the Court may enter a final order consistent with Article III of the United States Constitution.

C.     This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D.     The Liquidators are the "foreign representatives" of STFF pursuant to 11 U.S.C. § 101(24).

E.     The chapter 15 case of STFF was properly commenced pursuant to 11 U.S.C. §§ 1504, 1509 and 1515.

F. The Liquidators have satisfied the requirements of 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

G.     The Cayman Liquidation is a "foreign proceeding" pursuant to 11 U.S.C. § 101(23).

H.      The Cayman Liquidation is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

I.      The Cayman Liquidation is pending in the Cayman Islands, the country where STFF's center of main interests is located, and accordingly the Cayman Liquidation is a foreign main proceeding pursuant to 11 U.S.C. § 1502(4), and is entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

J.      The Liquidators are entitled to all of the relief provided under 11 U.S.C. § 1520 and the additional relief provided herein under 11 U.S.C. § 1521.

K.      The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to 11 U.S.C. §§ 1507, 1517, 1520 and 1521.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      The Petition is granted as set forth herein.

2.      The Cayman Liquidation is recognized as a foreign main proceeding pursuant to 11 U.S.C. §§ 1517(a) and (b)(1).

3.      The relief and protection afforded under 11 U.S.C. § 1520 is hereby granted, including the application of the automatic stay under section 362 of the Bankruptcy Code to STFF and its property in the territorial jurisdiction of the United States; *provided*, that nothing herein modifies or limits the exceptions to the automatic stay that are set forth in section 362 or elsewhere in the Bankruptcy Code.  Accordingly, extent to the extent permitted by section 362 or elsewhere in the Bankruptcy Code, all persons and entities are stayed from:

(a)      executing against STFF's property or assets;

(b)     taking or continuing any act to obtain possession of, or exercise control over, the Liquidators (with respect to STFF), STFF, or any of STFF's property or assets;

(c)     taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against the Liquidators (with respect to STFF), STFF, or any of STFF's property or assets as of the date of the filing of the Petition, or otherwise seeking the issuance of or issuing any restraining notice or other process or encumbrance with respect to STFF or any of STFF's property or assets; and

(d)     transferring, relinquishing or disposing of any property of STFF to any person or entity other than the Liquidators.

4.      The Liquidators or any third person acting pursuant to the Liquidators' instructions or agreement may transfer funds or property belonging to STFF into or out of the United States of America in accordance with their respective obligations to STFF or under the Cayman Liquidation; *provided, however*, that the Liquidators shall file and serve notice at least 14 calendar days prior to a transfer of funds or property out of the United States (which notice shall describe the property being transferred) to provide an opportunity for parties in interest to object to such a transfer or to seek a stay of such a transfer if such parties in interest believe there are grounds for such relief. Such notice shall be served on all parties who are generally entitled to receive notices in these proceedings pursuant to Bankruptcy Rule 2002 and, in addition, on any person who has or has asserted an interest in such property.

5.      The Liquidators are hereby authorized to issue subpoenas in accordance with applicable procedural rules for the examination of witnesses and/or the production of documents within the territorial jurisdiction of the United States concerning the assets, affairs, rights, obligations or liabilities of STFF and (to the extent relevant) STFF's affiliates, including subpoenas

to intermediary banks that process U.S. dollar denominated wire transfers and maintain records of such transfers; *provided*, that any subpoenas served pursuant to the authority set forth in this paragraph shall be without prejudice to the recipients' rights to object in accordance with the applicable procedural rules.

6.      The Liquidators are hereby authorized to take possession and to seek turnover of any and all documents, records, filings, or other information, however stored, that belongs to STFF and that is found in the territorial jurisdiction of the United States.

7.      The Liquidators are authorized to operate the business of STFF that is the subject of the Cayman Liquidation and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. §§ 1520 and 1521.

8.      The administration or realization of all or part of the assets of STFF within the territorial jurisdiction of the United States of America is hereby entrusted to the Liquidators and the Liquidators are hereby established as the exclusive representatives of STFF in the United States of America.

9.      This Court retains jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

10.     Notwithstanding Bankruptcy Rule 7062, made applicable to this chapter 15 case by Bankruptcy Rule 1018, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and upon its entry, this Order shall become final and appealable.

Dated: _____, 2020
        New York, New York

_____

_____
UNITED STATES BANKRUPTCY JUDGE
SOUTHERN DISTRICT OF NEW YORK